05 CV 0297A/sc

CMCSch, Cat04, Gallas, Termed

# U.S. District Court
## Northern District of Ohio (Akron)
## CIVIL DOCKET FOR CASE #: 5:05-cv-00104-PCE
## Internal Use Only

North American Demolition Co. v. FMC
Corporation
Assigned to: Hon. Peter C. Economus
Demand: $500000
Cause: 28:1332 Diversity-Other Contract

Date Filed: 01/20/2005
Jury Demand: Plaintiff
Nature of Suit: 190 Contract:
Other
Jurisdiction: Diversity

**Plaintiff**

**North American Demolition Co.**     represented by **Mitchell J. Yelsky**
Yelsky & Lonardo
75 Public Square
Suite 800
Cleveland, OH 44113
216-781-2550
Fax: 216-781-6688
Email:
mjy@yelskylonardo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

V.

**Defendant**

**FMC Corporation**     represented by **Hugh Q. Gottschalk**
Wheeler, Trigg & Kennedy
Ste. 3600
1801 California Street
Denver, CO 80202
303-244-1858

I hereby certify that this instrument is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: _Nicholina Rule_
Deputy Clerk

Fax: 303-294-1879
Email:
gottschalk@wtklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Mark T. Clouatre**
Wheeler Trigg Kennedy
Ste. 3600
1801 California Street
Denver, CO 80202
303-244-1812
Fax: 303-294-1879
Email: clouatre@wtklaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Michael E. Smith**
Frantz Ward
2500 Key Center
127 Public Square
Cleveland, OH 44114
216-515-1660
Fax: 216-515-1650
Email:
msmith@frantzward.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/20/2005 | ●1 | Complaint with jury demand against FMC |

| | | |
|---|---|---|
| | | Corporation (2 summons and Magistrate Consent Forms issued). Filed by North American Demolition Co. Filing fee paid; receipt number 667089. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Civil Cover Sheet)(C, BA) (Entered: 01/21/2005) |
| 01/20/2005 | ⊜2 | Random Assignment of Magistrate Judge Gallas (C, BA) (Entered: 01/21/2005) |
| 02/01/2005 | ⊜3 | Return of Service Executed upon FMC Corporation by certified mail on 1/24/05 filed by North American Demolition Co. (C, K A) (Entered: 02/02/2005) |
| 02/15/2005 | ⊜4 | Proposed Stipulation *for Leave to Plead to Answer Plaintiff's Complaint until March 16, 2005* filed by FMC Corporation. (Smith, Michael) (Entered: 02/15/2005) |
| 02/16/2005 | ⊜5 | Stipulation & Order: Defendants shall have until 3/16/05 to file Answer to Plaintiff's Complaint. No further extensions will be granted. Signed by Judge Peter C. Economus on 2/16/05. (B-R, S) Additional attachment(s) added on 2/16/2005 (B-R, S). (Entered: 02/16/2005) |
| 03/01/2005 | ⊜6 | Case Management Conference Scheduling Order with case management conference to be held on 4/11/2005 at 2:30 PM at Chambers 313 before Hon. Peter C. Economus.Signed by Judge Peter C. Economus on 3/1/05. (Attachments: # 1 Planning Report)(B-R, S) (Entered: 03/01/2005) |
| 03/01/2005 | ⊜7 | Notice of Magistrate Consent form (B-R, S) (Entered: 03/01/2005) |
| 03/11/2005 | ⊜8 | Motion for appearance pro hac vice of *Hugh Q. Gottschalk, Esq. and Mark T. Clouatre, Esq.* filed by FMC Corporation. (Attachments: # 1 Affidavit of Hugh Q. Gottschalk# 2 Affidavit of Mark T. Clouatre, Esq.)(Smith, Michael) (Entered: 03/11/2005) |
| | ⊜ | |

| | | |
|---|---|---|
| 03/11/2005 | | Marginal Order (non-document) granting Defendant's Motion for appearance pro hac vice by Attorneys Hugh Q. Gottschalk and Mark T. Clouatre (Related Doc # 8). Entered by Judge Peter C. Economus on 3/11/05.(B-R, S) (Entered: 03/11/2005) |
| 03/11/2005 | ● | Financial Transaction in the amount of $380.00 received for motion to appear pro hac vice by attorney Hugh Q. Gottschalk and Mark T. Clouatre, Receipt # 668443 (B, R) (Entered: 03/11/2005) |
| 03/16/2005 | ●9 | Answer to Complaint (Related Doc # 1) filed by FMC Corporation. (Smith, Michael) (Entered: 03/16/2005) |
| 03/16/2005 | ●10 | Corporate Disclosure Statement filed by FMC Corporation. (Smith, Michael) (Entered: 03/16/2005) |
| 03/16/2005 | ●11 | Motion to dismiss count *II of Plaintiff's Complaint* filed by FMC Corporation. (Attachments: # 1 Brief in Support # 2 Proposed Order)(Smith, Michael) (Entered: 03/16/2005) |
| 03/16/2005 | ●12 | Motion for */ to Transfer Venue* filed by FMC Corporation. (Attachments: # 1 Brief in Support # 2 Exhibit A# 3 Proposed Order)(Smith, Michael) (Entered: 03/16/2005) |
| 03/23/2005 | ●13 | Proposed Stipulation *For Leave to Plead until 4/15/05 in which to respond to Motion to Transfer* (Related Document # 12)filed by North American Demolition Co. (Yelsky, Mitchell) Modified on 3/29/2005 (J, Jo). (Entered: 03/23/2005) |
| 03/24/2005 | ●14 | Stipulation & Order: Plaintiff shall have until 4/15/05 to respond to Defendant's Motion to Transfer Venue. Signed by Judge Peter C. Economus on 3/24/05. (B-R, S) (Entered: 03/24/2005) |
| 03/31/2005 | ●15 | Report of Parties' Planning Meeting filed by all parties. (Yelsky, Mitchell) Modified on 4/1/2005 (J, Jo). (Entered: 03/31/2005) |
| | | |

| 04/01/2005 | ◑16 | Order: The Court shall postpone the Case Management Conference sheduled for 4/11/05 until resolution of Defendant's Motion to Dismiss and Motion to Transfer Venue. Signed by Judge Peter C. Economus on 4/1/05. (B-R, S) (Entered: 04/01/2005) |
|---|---|---|
| 04/14/2005 | ◑17 | Opposition to defendant's Motion to dismiss count II of Plaintiff's Complaint filed by North American Demolition Co.. Related document(s)11. (Yelsky, Mitchell) Modified on 4/19/2005 (B, T). (Entered: 04/14/2005) |
| 04/14/2005 | ◑18 | Opposition to defendant's Motion to Transfer Venue filed by North American Demolition Co.. Related document(s)12. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Yelsky, Mitchell) Modified on 4/19/2005 (B, T). (Entered: 04/14/2005) |
| 04/18/2005 | ◑19 | Stipulated Motion for extension of time until 5/20/05 to Exchange Their Rule 26(f) Disclosures filed by FMC Corporation. (Smith, Michael) (Entered: 04/18/2005) |
| 04/19/2005 | ◑ | Marginal Order (non-document) granting Stipulated (Related Document 19) Motion for Extension of Time until 5/20/05 to exchange Rule 26(f) Disclosures. Entered by Judge Peter C. Economus on 4/19/05. (B_R, S) (Entered: 04/19/2005) |
| 04/25/2005 | ◑20 | Reply to response to Motion to dismiss count *II of Plaintiff's Complaint* filed by FMC Corporation. Related document(s)11. (Smith, Michael) (Entered: 04/25/2005) |
| 04/25/2005 | ◑21 | Reply to response to Motion for */ to Transfer Venue* filed by FMC Corporation. Related document(s)12. (Attachments: # 1 Exhibit A)(Smith, Michael) (Entered: 04/25/2005) |
| 04/28/2005 | ◑22 | Memorandum, Opinion and Order; Defendant's Motion to transfer venue is granted (Related document |

| | | |
|---|---|---|
| . | | 12) and this matter is transferred to the Western District of New York. Signed by Judge Peter C. Economus on 4/28/05. (R, N) (Entered: 04/28/2005) |

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Ged M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _Nicolina Kulu_

Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN DEMOLITION CO. | ) | CASE NO. 5:05 CV 0104 |
| | ) | |
| PLAINTIFF | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| FMC CORPORATION | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| DEFENDANTS | ) | |

This matter is before the Court upon the Defendant FMC Corporation's Motion to Transfer Venue. See (Dkt. # 12).

## I.    BACKGROUND[1]

The Defendant, FMC Corporation ("FMC"), is a Delaware corporation having its principal place of business in Pennsylvania. See (Compl. ¶ 2; Answer ¶ 2). FMC operates a site (the "Tonawanda site") located near Buffalo, New York that manufactures chemicals for various industrial and commercial uses, including chemicals for addition to latex-based paints, printed circuit boards and sanitization items. See (Dkt. # 12, Def. FMC Corp.'s Mem.

---

[1] The following facts are binding for the limited purpose of resolving the present motion.

and Points of Authority in Support of its Mtn. to Transfer Venue ("Def.'s Mem. in Support") & Aff. of Jason Vaughan ("Vaughan Aff.") attached thereto ¶2).

FMC initiated a project to demolish equipment at the Tonawanda site. <u>See</u> (Vaughan Aff. ¶ 3). On June 14,2004, FMC entered into a purchase agreement (the "Agreement") with the Plaintiff, North American Demolition Company ("North American Demolition"), an Ohio corporation having its principal place of business in Ohio, whereby North American Demolition agreed to remove and salvage all equipment from the Tonawanda site. <u>See</u> (Compl. ¶ 6 and Ex. A attached thereto; Answer ¶ 6). The terms of the Agreement required North American Demolition to pay FMC $77,500.00, plus ten percent of any gross sales of equipment over $160,000.00. <u>See</u> (Compl. ¶ 7 and Ex. A attached thereto; Answer ¶ 7). The Agreement further required North American Demolition to make an initial payment of $27,500.00 prior to performance on the contract. <u>See</u> (Compl. ¶ 8 and Ex. A attached thereto; Answer ¶ 8).

North American Demolition made the initial payment to FMC in the amount of $27,500.00. <u>See</u> (Compl. ¶ 8; Answer ¶ 8). However, FMC "remov[ed]" North American Demolition from the Tonawanda site on the basis that North American Demolition's employees committed "serious safety violations." <u>See</u> (Compl. ¶ 9; Dkt. # 21 & Second Aff. of Jason Vaughan ("Second Vaughan Aff.") ¶ 4 ).

North American Demolition filed its Complaint in this Court against FMC on January 20, 2005 asserting two claims for relief: (1) breach of contract; and (2) conversion. <u>See</u> (Compl.). The instant motion ensued.

## II.    LAW AND ANALYSIS

It is undisputed that this Court is a proper venue for litigating this action. However, even where venue is proper, the district court may transfer the case to a more convenient forum pursuant to 28 U.S.C. section 1404(a). Title 28 of United States Code, section 1404 states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A decision to transfer under section 1404(a) lies within the discretion of the district court. See Norwood v. Kirkpatrick, 349 U.S. 29, 31-33 (1955) (holding that the district court's discretion under § 1404(a) is broad). As FMC is the party requesting the transfer, "it bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." See Picker Int'l, Inc. v. Travelers Indemnity Co., 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998) (citing Bacik v. Peek, 888 F.Supp.1405, 1414 (N.D.Ohio 1993)); see also Jeffrey Mining Prods. v. Left Fork Mining Co., 992 F.Supp. 937, 938 (N.D.Ohio 1997) ("For a proper transfer in the Sixth Circuit, the balance of all relevant factors must weigh 'strongly in favor of transfer'").

In considering a motion to change venue under § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness . . . ." Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). The private interests of the parties include:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to

-3-

compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

Campbell v. Hilton Hotels Corp., 611 F. Supp. 155, 157 (E.D. Mich. 1985) (quoting Schneider v. Sears, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)). Public interest factors include: (i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).

FMC asserts that transferring this matter to the United States District Court for the Western District of New York is appropriate considering the following four factors:

> (1) The operative events giving rise to this case occurred in Tonawanda, New York.
> (2) The majority of witnesses and documents are located in Tonawanda, New York.
> (3) New York courts should adjudicate cases and controversies within New York when possible.
> (4) New York law will likely apply to this case, and New York courts are more familiar with New York law.

(Dkt. # 12 at 1.)  North American Demolition counters that its choice of forum should govern this matter because FMC has not demonstrated that New York would be more convenient than the present forum.

As a threshold matter, the Court acknowledges that North American Demolition's

-4-

choice of forum is entitled to substantial deference. See <u>United States v. Cinemark USA,</u> <u>Inc.</u>, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999); <u>see also</u> <u>Roberts Metals, Inc. v. Florida</u> <u>Properties Marketing Group, Inc.</u>, 138 F.R.D. 89, 91-92 (N.D.Ohio 1991), <u>aff'd</u> 22 F.3d 1104 (Fed.Cir.1994) (weight given to plaintiff's choice of forum diminished because acts occurred outside the forum but additional weight accorded because plaintiff was headquartered in Ohio). However, FMC has demonstrated that New York provides the most convenient forum for the parties and witnesses. A number of FMC employees that may be called as witnesses reside in the Tonawanda area. <u>See</u> (Def.'s Mem in Support at 3-4; Dkt. # 21at 2-3). A potentially key witness in this matter – North American Demolition's site contact for the Tonawanda project, Samuel Runfola – resides in the Tonawanda area. <u>See</u> (Def.'s Mem in Support at 3-4; Dkt. # 21 at 2-3 & Second Vaughan Aff. ¶ 4; Dkt. # 18 at 3). In contrast, there lacks any convenience to the parties and witnesses in litigating the dispute in Ohio as North American Demolition's President (and the party responsible for negotiating the Agreement on its behalf), John L. Brutz, concedes that he conducts activities in Ohio *and* Florida. <u>See</u> (Dkt. # 18 Aff. of John L. Brutz ¶ 4).

Of greater significance, this dispute arose from the parties' conduct in Tonawanda, New York. A "fundamental principle" guiding the Court's analysis of a motion to transfer is that "litigation should proceed 'in that place where the case finds its center of gravity.'" <u>Laitram Corp. v. Hewlett-Packard Co.</u>, 120 F. Supp. 2d 607, 609 (E.D. La. 2000) (quoting <u>Teknekron Software Sys. v. Cornell Univ. & Isis Distributed Sys.</u>, 1993 U.S. Dist. LEXIS 21337, 1993 WL 215024, at * 7 (N.D. Cal. June 14, 1993)). While "the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the

balancing analysis under § 1404(a)", "the location of documentary evidence is a minor consideration." Cinemark, 66 F. Supp. 2d at 890 (quoting Picker Int'l, 35 F. Supp. 2d at 57).

It is beyond cavil that the documentary evidence required to litigate this matter may be readily transferred via electronic means or ordinary mail. See (Dkt. # 21 at 5) ("FMC admits that the documents related to this case are not so voluminous as to make their transportation completely unfeasible . . . ."). Nevertheless, the operative facts – namely, the facts giving rise to FMC's failure to perform under the terms of the Agreement – occurred wholly in Tonawanda, New York. All equipment and materials that are the subject of the Agreement are in Tonawanda. As North American Demolition's purported unsafe conduct is at issue, the court may be required to inspect the location to determine the reasonableness of FMC's asserted safety regulations. This would be highly inconvenient were this action litigated in Ohio rather than New York.

Finally, it is likely that New York law will govern this action. In diversity actions, the federal court applies the forum state's choice-of-law provisions. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Spence v. Miles Laboratories, Inc., 37 F.3d 1185, 1188 (6th Cir.1994); see also Bianco v.Erkins, 243 F.3d 599 (2d Cir. 2001). Ohio has adopted the Restatement (Second) of Conflict of Laws to determine choice-of-law questions. See Gries Sports Ent., Inc. v. Modell, 473 N.E.2d 807, 15 Ohio St. 3d 284, syllabus (1984). The Restatement provides the following factors as indicative of the appropriate choice-of-law: (a) the place of contracting, (b) the place of negotiation, (c) the place of performance, (d) the location of the subject matter, and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Id. Similarly, New York courts apply the

law of the jurisdiction having the greatest interest in the litigation, as measured by that jurisdiction's contacts with the litigation. See Matter of Allstate Ins. Co., 81 N.Y.2d 219, 225-28, 597 N.Y.S.2d 904, 613 N.E.2d 936 (1993). A balancing of either Ohio or New York's choice of law rules is highly likely to lead to the conclusion that New York law governs this action.

Accordingly, the private and public interests at issue in this matter weigh strongly in favor of transferring this matter to New York.

## III.    CONCLUSION

For the foregoing reasons, the Court hereby orders that the Defendant FMC Corporation's Motion to Transfer Venue, see (Dkt. # 12), is **GRANTED**. This matter is hereby transferred to the United States District Court for the Western District of New York. **IT IS SO ORDERED.**

/s/ **Peter C. Economus - April 28, 2005**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**